Military fay • claim for bade fay. — On October 21, 1976 the court entered the following order.
“This single motion case comes before the court on defendant’s motion to dismiss. The plaintiff, Maurice 0. Newton, is an enlisted man in the U.S. Army, currently on the Temporary Disability Retired List (TDRL); he entered military service on November 4, 1965. Pie was shipped to Vietnam on May 14, 1968. Sometime in December 1968, he was granted a compassionate leave. He returned home, and did not return to military control until July 2, 1974. Since his leave expired on February 12, 1969, he was apparently AWOL from February 13, 1969 through July 1,1974. This is the period for which he is claiming payment in the petition filed in this court on February 14,1975.
“After filing the petition, plaintiff moved to continue the case until he could file an application with the Army Board for the Correction of Military Records., Plaintiff’s motion was allowed with proceedings stayed until August 13, 1975, with plaintiff’s attorney to advise the trial judge of the status of administrative proceedings at intervals of 60 days or less. A subsequent motion for additional time made by plaintiff was allowed by the trial judge on August 21,1975. However, the Army had notified plaintiff through his attorney, on June 4,1975, that it had been ‘administratively determined that [P’s] absence of 13 February 1969 to 1 July 1974 is excused as having been unavoidable.’ Further, the Army’s letter stated that Maurice C. Newton was entitled to ‘full pay and allowances and credit for all purposes for this period.’
“As evidenced by the Military Pay Voucher attached to defendant’s motion for dismissal, a U.S. Treasury check dated November 18, 1975, in the amount of $12,948.87 was made payable to the order of Maurice C. Newton and his attorney, Carl R. Trynor; the check was mailed to 97a Ex *350 change Street, Portland, Maine 04111 by the Accounting and! Finance Officer. Plaintiff had earlier directed in writing, .under date of September 12,1975, that the check in payment of his claim be made payable to himself and his attorney, Carl K. Trynor.
..“Plaintiff discharged his attorney, and by an order of the trial judge, filed January 6, 1976, the attorney’s motion to withdraw- as counsel was allowed with ‘Maruce C. Newton having succeeded as counsel of record as counsel pro sc.’ It was further ordered that a December 9, 1975, motion by former counsel for a-stay of proceedings ‘is denied, and the -said counsel pro se Maurice C. Newton, is directed to advise the court of the status of any efforts to verify the amount paid to the plaintiff, and to move for a dismissal, if the amount paid is found * * * to be correct.’
■ “As of this.date, plaintiff has not complied with this last Order of the trial judge. However, it is apparent that plaintiff has been paid, and since he has made no contention to the contrary, it must be assumed that he has been paid the correct amount.
■, “The plaintiff’s claim having already been paid, it is : ordered that the defendant’s motion to dismiss be granted and the petition is dismissed.”